We'll turn next to argument in 20-4276, Bank v. Verde Energy. Let's hear first from the appellant, Mr. Bank. Good morning. May it please the court. This is Todd Bank, the appellant. Oh, wait. I'm sorry. Mr. Bank, you're not visible on our screen. Just hold on one second. You are on my screen. I won't be visible on the screen. Oh, that's right. You're appearing by phone. Okay. That's fine. Go ahead. Thank you. Thank you. Because the as of clause was used as a past perfect tense, it applies to the time period from the beginning of the world and leading to the moment that it became March 26, 2019. Verde's position is that it was free to commit any act, including intentional torts, against me between the time that Verde signed the agreement and the rest of that day. And that is not limited, of course, to violations of the TCPA, but that could be, for example, if they sent somebody to my home or office to assault me. According to Verde's position, they would be immune from liability for any torts that occurred, intentional torts or otherwise, that occurred from the time that Verde signed the agreement. But we're not talking about different torts. We're talking about the same thing on which a settlement was reached. It's the same type of tort. Yes, I'm sorry. Isn't a reasonable way of reading what was said was that as of the time that is fulfilling that day when the thing was signed, that was all covered? And isn't your client simply having found a settlement, gotten the money, gotten everything he wanted, now trying to find a way of getting out of it and getting more? And isn't this just the kind of situation where we should simply say, absolutely not? And that's what the tort is. I respectfully and rather strongly, if I may say, I respectfully disagree with that. First of all, the fact that the type of intentional tort in question was a violation of the TCPA, to me, has nothing to do with it. It was what the settlement was about, wasn't it? Yes, there was a new violation. I understand you're saying it's a new violation, but wasn't the thing that we're talking about whether this was a settlement of the claims of what this person was doing? Actually, not quite. The settlement, the key is the release language. And yes, of course, the case arose out of a TCPA violation or an alleged violation, I should say. No question. But the release, the question is, what does the release mean? The release was not limited to TCPA violations, so if I can use a colloquial phrase, you can't have it both ways. And maybe you're not trying to have it both ways, but one could not say, to be intellectually consistent and honest regarding the release provision, one could not say that Verdi Energy would not be permitted to send somebody to my home or office to assault me, but they are permitted to. Counsel, we're not deciding abstract cases. But we are deciding a matter of principle, Judge. It's not a matter of being abstract or not. It's a matter of principle. And so again, either they were allowed, either Verdi was allowed to commit intentional torts against me for the rest of the day in question, or Verdi wasn't allowed. It's not a question of, well, they're allowed to commit certain intentional torts, for example, and specifically another TCPA tort, but they're not allowed to send somebody to my home or office to assault me or burn my home down, etc., etc. You can't have it both ways. There's nothing in the release that makes that distinction. The fact that the case happened to arise under the TCPA and the fact that the violation that we're dealing with here also arose under the TCPA has no legal significance whatsoever. It sounds good, but it has no relevance whatsoever, none whatsoever. It just sounds good to say, well, they made an illegal phone call to you. You have the settlement agreement. They signed it at whatever time of day on the 26th and thereafter made another call to you. Oh, come on, Mr. Bank, you're not being fair. You can't sue. There's no difference in principle, and I've not heard any difference from either the lower court or from Verdi itself. There's no difference in principle here. But perhaps if we were talking about a different kind of tort, we would read the settlement as not covering that part of the tort, whatever the language is. But what's the basis for that, Judge? What's the basis? The release does not say— We would decide that case, if it came to us, as to what the release meant. Well, that is the case. There's no difference, though, between the two scenarios. That's my point. There's no difference. Like I said, the only difference is that it sort of sounds good in a sort of a casual sense to say, like your Honor is essentially saying, oh, come on, Mr. Bank, they made a phone call, you settled the case, so what, so what, so that they made another phone call after they signed the agreement. But it's not a so what. There is no difference in principle, and it's like you're trying to make something sound good, but it isn't good because there's no legal difference. I would ask rhetorically or not rhetorically, where in the settlement agreement, where in the release, because that's what we're dealing with, where in the release does it indicate that while they wouldn't be allowed, or where the court might find it in a different situation, that they can't send somebody to my home to assault me during the remainder of the day on which they signed the agreement, where does it say that there's an exception if they made a TCPA-violating phone call, which, like an assault, is also an intentional tort? Is it less serious? Sure. Does it have something to do with the initial tort that gave rise to the case? Yes. But where in the release is that distinction? And I'd like to, I'm curious what the answer would be, but as far as I can tell, that distinction does not exist. It just, it sounds good. It sounds like a good thing to chastise me, but it's not based on anything legal or anything in principle or, most importantly, anything in the release. And that, and we're dealing with the release. We're not concerned whether the underlying case, if it were the reverse, let's say they assaulted me, let's say this case was about an assault, okay, would that mean, on the other hand, that they're free to engage in a second assault upon me, but not free to violate my TCPA rights? No. The release doesn't make that distinction. There's nothing in it. Okay, Mr. Bank, you've reserved time for rebuttal, so we'll hear from you again, but now let's turn to the appellee, Mr. Peterson. Thank you, and I wanted to say very briefly, thank you for letting me speak. Thank you. I appreciate that. Thank you. May it please the court, William Peterson, on behalf of the appellee, Verde Energy USA, Incorporated. More than 27 months ago, my client settled with Mr. Bank. In exchange for a handsome payment, which he has retained and not offered to return, Mr. Bank promised to release all claims against Verde that he had as of March 26, 2019, promised to dismiss the litigation, which is a defined term in the settlement agreement that specifically references the district court caption and case number, and promised to keep the settlement confidential, not advertising or publicizing it. The district court properly enforced these promises, and the judgment below should be affirmed. With respect to the meaning of as of, we cited both to the district court and our brief, numerous grammatical sources indicating that as of a date includes that date in question. Garner's Modern American Usage, for example, suggests replacing as of with on. There's no question here that any claim based on an alleged March 26, 2019, phone call was a claim that Mr. Bank had on March 26, 2019. My friend's argument today focused largely on public policy. Judge Calabresi, I believe your analysis was absolutely correct, that the question in this appeal is about the claim that was actually asserted and not a hypothetical claim or assault or arson, on which there may well be a very different type of public policy. But just to entertain that argument for a second, if in fact Verde Energy had committed an assault or another type of tort, how would we deal with the contract in that kind of a case? Judge Menasche, I would suggest that you would say that that type of release would violate public policy, that releasing an assault would violate public policy, or you would say the contract shouldn't be read to encompass it. There's no question here about the party's intent, and I'd point you to Section 2 of the release agreement. It specifically references claims under federal, state, or local telephone communications, statutes, regulations, or rules. So if this court would like to adopt an interpretation that says that release, that can't generally be understood to extend to intentional torts, such as assault or arson or torts causing physical injury to a person, we're perfectly comfortable with that. But there's no question here. But that's not the case before us, so we don't need to worry about how we would read that if it came before us. We decide that, you know, we do that all the time. We decide cases when they come to us, not because, you know, I'm an academic. I love to write articles about all sorts of things that aren't there. But when I'm sitting here, I have to do something a little narrower. Yes, Your Honor, we certainly agree. There's, of course, the alternative basis to reach the same result here, which is the promise to dismiss the litigation. As the district court concluded, that's an unambiguous promise here. You'll find it on appendix page 106 to 107, that the promise to dismiss the litigation meant for Mr. Bank to dismiss his individual claims with prejudice and close the case between the parties. Mr. Bank didn't do so, and instead amended his complaint to continue asserting the claims. Unless the panel has questions, we would ask that the judgment below be affirmed, and I'll happily yield to remainder of my time. Thank you very much, Mr. Peterson. We'll hear again from Mr. Bank on rebuttal. Yes. Thank you, Judge. First, I find it interesting that my colleague talks about the as-of clause and that because there's something in Garner about as-of including the day in question, and therefore it's case closed. There's no question that in many circumstances, as-of would include the day in question. But I provided an example or analogy with the Rose Bowl situation where you have two different teams and so on, and I provided that in the lower court. I provided that, and yet neither the lower court nor Verdi ever addressed that argument, other than at one point saying in the lower court but not before this court that the answer would be both teams, which obviously doesn't make any sense. Number two, or I don't know if I said number one, but my second point is that New York public policy does not allow releases to include a release of intentional tort. There's no exemption for relatively small torts. There's no exemption for torts, be it so-called small or minor torts or otherwise. There's no exemption if the tort in question is of the same type that gave rise to a case. Again, I'm speaking about an issue of principle, and like I said, nothing in the agreement says that they're allowed to commit or indicates that they're not allowed to assault me for the rest of the day, but they're allowed to make as many illegal phone calls to me as they want. There's nothing there.  that you violated the agreement by not dismissing the case. Okay. That goes, I think, to point two of my brief. I very strongly disagree with that. I was required to dismiss the litigation with prejudice. Right. Obviously, I couldn't dismiss. The only thing that I could dismiss, the only claim I should say that I could dismiss with prejudice is my individual claim, which I did. I could not dismiss the class claims with prejudice, even if I wanted to. It is very common in law that terms like litigation, terms like action, do not mean a lawsuit overall. They mean a claim. So whatever I was able to dismiss- Litigation doesn't mean an individual claim just on its face. It means the litigation. I'm sorry. Go ahead. You could have entered into an agreement that talks about claims. You didn't. You entered into an agreement that talked about litigation, dismissing litigation. Except the term litigation in this situation, in particular, has to be interpreted based on binding legal principles. I could not. I had no legal right to dismiss the class claims with prejudice. I had no right to do that. So then you say, okay, I'm required to dismiss- Your idea here was basically to settle what had gone on in the past or whatever it was, $75,000 or whatever it was, and then resurrect the class action based on the claim on March 26th. I couldn't have done that if I had dismissed the class action part or the class claims with prejudice. They thought they brought a dismissal of the class action, but you had other thoughts. I'm not sure I fully follow. My point is that I had no legal right, and no one's claiming otherwise, I had no legal right to dismiss the class claims with prejudice. So how could I dismiss the litigation as in the entire lawsuit? If we're going to say that litigation means the lawsuit entirely, then I'd be breaching all kinds of rules, et cetera, if I were to say, okay, I'm filing a form that says this lawsuit, which includes my individual claims and class claims, is dismissed with prejudice. I couldn't do that if I wanted to. So as a legal matter, for example, if the provision had said, if it had said, if Mr. Banks shall dismiss his individual claims with prejudice and shall dismiss the litigation without prejudice or shall otherwise dismiss the litigation or something to that effect, that would be a very different story. But that's not what it said. So I did everything I was required or could do in light of that provision. And then there is also the question, it's not even a matter of substance, because obviously whether or not I pursued my new claim in the same action or a new action, it's ultimately the same situation. But, again, my point is I did under the agreement what I was required to do. Okay, Mr. Banks, I think we have that argument. Your time has expired. Thank you very much. Okay. Thank you. The case is submitted. And because that's the last case on our calendar today, we are adjourned. And again, thank you for letting me speak at length. Thank you.